COPE, Judge
(dissenting in part).
The mediation agreement in this case states that there has been a complete resolution, but describes the resolution as the payment of “$52,000.00 in cash + other consideration to be formulated by counsel.” Two handwritten pages were attached to the mediation agreement, describing a procedure by which petitioner would attempt to obtain certain payments from the Florida Department of Transportation, and other terms.
Petitioner takes the position that the phrase “other consideration to be formulated by counsel” signifies that the parties had not reached a final agreement, and only intended to become bound upon arriving at a final agreement regarding the “other consideration.” Petitioner requested an evidentiary hearing on the point.
Respondent claims that the phrase “other consideration to be formulated by counsel” is simply poor drafting. Respondent says that the two handwritten pages attached to the mediation agreement are, in fact, the “other consideration.” Respondent says that the phrase “to be formulated” should not be in the agreement because all of the consideration had already been formulated.
In my view, the phraseology “$52,000.00 in cash + other consideration to be formulated by counsel” signifies an “agreement to agree” in the future, and standing alone would mean that there has been no meeting of the minds. Here, the phrase appears as part of a document which recites that the parties have reached a complete agreement. Because of this internal inconsistency, the purported mediation agreement is ambiguous. Petitioner is entitled to a hearing on the question of whether there was a completed agreement, poorly phrased, or whether there was no agreement at all.*

 No question of the mediation privilege is now before us. Based on the contents of the transcript in the trial court, it may well be that any privilege has been waived with regard to this particular issue.